The opinion of the court was delivered by
Spencer, J.
Plaintiffs brought this suit to compel the Board of *176 Liquidation to fund eleven bonds of $1000 each of the series issued to the New Orleans, Jackson & Great Northern Railroad under act of 1853.
The State, the Auditor, and Secretary of State intervened, alleging that said bonds belonged to and constituted part of the assets of the “ Free School Fund,” and pray that the same be delivered to them, the said Auditor and Secretary being the lawful custodians thereof.
The court below ordered the Board to fund the bonds, and rejected the demands of intervenors, as in case of nonsuit.
There is no serious contest over the legality of the bonds as lawful debts of the State. The contest is between the plaintiffs and the intervenors.
It appears and is admitted that these bonds did belong to and constitute part of the assets of the “ Free School Fund,” organized and created by acts No. 321 of 1855, and No. 182 of 1857, pursuant to the act of Congress of February 15,1843, 5th Statute at Large, p. 600.
It also appears that these bonds were sold, in pursuance of act 81 of 1872.
That they were acquired by plaintiffs before maturity, from persons who bought them at said sale. That plaintiffs are all citizens of Louisiana, and had no other notice of the fact that these bonds belonged to the “ Free School Fund” than would result from their presumed knowledge of the acts and proceedings of the State and its officials.
In “State ex rel. Durant vs. Board of Liquidation,” 29 A. 77, we had occasion to consider the legality and constitutionality of the act 81 of 1872, abolishing the “ Free School Fund,” transferring its assets to the- “ Redemption of Floating Debt Fund,” and directing their sale for the benefit of said last named fund. We there held that said act 81 was an act of spoliation — violative of the said act of Congress, and of the acts-of 1855 and 1857, carrying the same into effect, and of Art. 139 of the constitution of 1868, and that the sales of the bonds of said school fund under said act 81 were null and void and conferred no title on the-purchaser. We adhere to that view, and refer to that case as supplementary to our opinion in this. These sales were made in violation of prohibitory laws.
The Free School Fund having acquired said bonds,, they became-under the said act of Congress, and the acts of the Legislature of 1855- and 1857, carrying said act of Congress into effect, and under the constitution of 1868 affirming said acts of 1855 and 1857, inviolably appropriated, to the support of public schools, “ and for no other use or purpose whatsoever.” These laws to all intents and purposes took said, bonds out of commerce. They were placed in the special and joint custody of the Secretary of State and Treasurer, who were required to execute duplicate receipts therefor, and “to be and remain a perpetual fund” “ inviolably appropriated” to support of public schools.
*177 We agree with the Assistant Attorney General that they ceased to be negotiable by virtue of these positive declarations of legislative will, and that the usages and laws of commerce relative to negotiable paper are superseded by these positive enactments, and are inapplicable to the case. We follow the commercial law only when it does not conflict with statute laws of the State, but no further. 21 A. 568. It is within the power of the State to destroy the negotiability of all paper, and to withdraw from commerce such things as it may deem proper.
Nor are we prepared to say that the purchasers of these bonds were guilty of no laches. Theyiean not plead ignorance of the laws of the United States nor of the constitution, laws, and public acts of the State. They therefore knew that sales of the assets of the school fund under act 81 of 1872 were illegal. They knew what bonds belonged to that fund, for they were exhibited in reports of the proper public-officers. They knew that these bonds had been illegally sold to pay the floating debt; for the sale thereof was duly advertised for thirty-days in the official journal and due return made and officially published.
Ordinary diligence and investigation of facts perfectly accessible and known or presumed to be known by all men would have protected plaintiffs.
The views we have taken and expressed herein render it manifest that the three years prescription pleaded by plaintiffs to intervenors’ demands can not be maintained. The intervenors do not ask any decree against the Board to fund said bonds, and we will therefore make no order in that-regard.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed, and, proceeding to render such judgment as should have been rendered, it is ordered, adjudged, and decreed that plaintiffs’ demands be rejected, and that the intervenors be and are declared entitled to the possession and custody of the bonds sued on in this case, which are decreed to belong to the Free School Fund.
It is further ordered that said bonds be delivered to intervenors; and that plaintiffs pay costs of both courts.